STATE OF MAINE *vs.* WILLIE A. DAVIS.

Lincoln.    Opinion February 12, 1910.

*Intoxicating Liquors. Search and Seizure Process. Sufficiency. Revised Statutes, chapter 29, section 52.*

In a search and seizure process issued under section 52, chapter 29, R. S., the allegation "being satisfied by evidence presented to me" is sufficient to satisfy the requirements of the statute that the magistrate should allege in the warrant that he "is satisfied by evidence presented to him."

*State* v. *Whalen,* 85 Maine, 469, distinguished.

On exceptions by defendant.    Overruled.

Search and seizure process issued by a trial Justice, Lincoln County, under Revised Statutes, chapter 29, section 52. The record does not show how the case reached the Supreme Judicial Court, but presumably on appeal by defendant. The defendant demurred to the complaint and warrant, the demurrer was overruled and the defendant excepted.

The case is stated in the opinion.

*Cyrus R. Tupper,* County Attorney, for the State.

*Rodney I. Thompson,* for defendant.

SITTING:   EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.    Search and seizure process brought before this court on exceptions to the overruling of defendant's demurrer to the complaint and warrant.

Revised Statutes, c. 29, § 52, provides: "No warrant shall be issued to search a dwelling-house occupied as such, unless it, or some part of it, is used as an inn or shop, or for purposes of traffic, or unless the magistrate before whom the complaint is made, is satisfied by evidence presented to him, and so alleges in said warrant, that intoxicating liquor is kept in such house or its appurtenances, intended for sale in the State, in violation of law."

The magistrate before whom this complaint was made used the following words in the warrant: "Being satisfied by evidence presented to me that intoxicating liquors are kept and deposited in the dwelling house and its appurtenances above described, intended for sale in this State in violation of laws" etc.

The only contention made in support of the demurrer is that this language of the warrant does not sufficiently allege as a fact that the magistrate *was satisfied*. Or, to be more specific, the contention is that the magistrate should have alleged that "I am Satisfied" instead of "being satisfied." The contention is not sustainable. "Being satisfied" as used in the warrant imports the meaning of "since I am satisfied," or "inasmuch as I am satisfied," and the fact that the magistrate was satisfied is thereby expressed with as much clearness and certainty as it would have been if the fact had been stated in the form of a declarative sentence. *State* v. *Dunning*, 83 Maine, 178.

The defendant relies upon the case of *State* v. *Whalen*, 85 Maine, 469, but that case is clearly distinguishable from the case now before us. In that case the language was "Satisfactory evidence being presented." It did not allege that the evidence was presented to the magistrate. The court there said: "This is not sufficient to meet the explicit requirement of the statute that the magistrate should allege that he is 'satisfied by evidence presented to him.'" In this case the allegation is "being satisfied by evidence presented to me."

The entry will be,

*Exceptions overruled.*